**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-159 SEP |
| | ) | |
| ANDREA NEHOFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Jeremy Ross's Motion for Leave to Proceed *In Forma Pauperis*. Doc. [2]. After review of the application and accompanying affidavit in support, the Court finds that Plaintiff does not have sufficient funds to pay the entire filing fee and will grant Plaintiff's motion. In addition, after review of the Complaint, the Court will stay and administratively close this action pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against Plaintiff that arises out of the same facts. Finally, the Court will dismiss Plaintiff's claim for excessive force against Defendant Officer Fareid Yaakub.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, asserting violations of his Fourth and Fourteenth Amendment rights. Prior to this case being filed, a related underlying criminal case was filed against Plaintiff in Missouri State Court. *See State v. Ross*, Case No.20SL-CR02488 (21st Judicial Circuit, St. Louis County Court). The facts in that case are as follows.

Plaintiff was charged by the filing of a complaint on May 18, 2020. In the complaint, Officer Yaakub, a Police Officer with Town and Country Police Department, testified:

> I have probable cause to believe that on January 24, 2020, at 3015 Ballas Road, Jeremy Ross, White, Male…committed one or more criminal offense(s).

> Count: 01 Possession of Controlled Substance Except 35 Grams or Less of Marijuana/Synthetic Cannabinoid – Class D Felony

1

The facts supporting this belief are as follows: Town and Country Police were called about the driver of a pickup truck driving extremely erratically. When the police approached, the defendant's pickup truck was parked at an angle blocking both the northbound and southbound lanes of Ballas Road. The defendant exited his truck and approached a police vehicle in an aggressive manner as if under the influence of alcohol or some type of drug. The defendant cursed and threatened the officer and had to be physically subdued by the use of a Taser. The defendant was eventually arrested and taken to Mercy Hospital for evaluation. When the defendant's vehicle was moved to open up traffic on Ballas Road a large piece of tin foil was observed on the center console. A crystal-like substance that appeared to be methamphetamine was found in the foil. The substance was conveyed to the County Lab and found to be methamphetamine.

Plaintiff's attorney waived formal arraignment on Plaintiff's behalf in the state criminal matter on September 2, 2020, and thereafter counsel filed two separate motions to continue the case. On January 6, 2021, Plaintiff's counsel in the state criminal matter filed a motion to withdraw his representation of Plaintiff, which was granted on January 26, 2021. It appears that Plaintiff is now representing himself in *State v. Ross*, Case No.20SL-CR02488, as on July 8, 2021, he filed a motion to join the action with two separate municipal charges[1] that arose from the same incident.

### The Complaint

In the instant case, Plaintiff asserts claims for false arrest, false imprisonment, excessive force, and malicious prosecution, all arising out of his arrest on January 24, 2020. He brings this action against Andrea Nehoff (Judge, Town and Country); Ed Slays (Prosecuting Attorney, Town and Country); Bianca Bush (Assistant Prosecutor, Town and Country); Ashley McManara (Court Administrator, Town and Country); Fareid Yaakub (Police Officer, Town and Country); John Newsham (Circuit Court Judge, St. Louis County); John Parisi (Prosecuting Attorney, St. Louis County); and Joan Gilmer (Circuit Clerk, St. Louis County). Plaintiff sues all Defendants in their official capacities only.

---

[1]  On August 3, 2020, Plaintiff was charged in the City of Town and Country in two separate municipal cases: *City of Town and Country v. Ross*, Nos. 2096-MU00052 and 2096-MU00054. In Case No. 2096-MU00052, Plaintiff was charged with resisting arrest, and in Case No. 2096-MU00054, Plaintiff was charged with impeding the flow of traffic by blocking the north and southbound lanes of Ballas Road. Each of the charges relates back to the date of January 24, 2020. Neither case has yet been disposed.

In the Complaint, Plaintiff alleges that his rights were violated when he was stopped by the Town and Country Police on January 24, 2020, while driving on Ballas Road in St. Louis, Missouri. He alleges that he was unlawfully tased by Officer Yaakub and was falsely imprisoned when he was "held against his will" for a week in the hospital. Plaintiff asserts that he "lost time" and "wages" and endured pain and suffering as a result of the incident.

Plaintiff further claims that he was unlawfully charged with a criminal action by the St. Louis County Prosecutor for possession of methamphetamine at the time he was unlawfully arrested on January 24, 2020. *See State v. Ross*, Case No. 20SL-CR02488 (21st Judicial Circuit, St. Louis County Court). The case is presided over by Defendant Circuit Judge John Newsham and prosecuted by Defendant John Parisi.

Plaintiff also claims that he was unlawfully charged in two separate municipal cases in Town and Country Municipal Court, both of which arise out of the January 24, 2020, altercation: *City of Town and Country v. Ross*, Nos. 2096-MU00052 and 2096-MU00054. In Case No. 2096-MU00052, Plaintiff was charged with resisting arrest, and in Case No. 2096-MU00054, Plaintiff was charged with impeding the flow of traffic by blocking the north and southbound lanes of Ballas Road. Defendant Judge Andrea Nehoff is the presiding judge over both of the municipal court actions, and Defendant Bianca Bush is the Assistant Prosecuting Attorney in the municipal court actions.

As noted above, neither *State v. Ross*, Case No.20SL-CR02488, nor the related municipal actions, *City of Town and Country v. Ross*, Nos. 2096-MU00052 and 2096-MU00054, have been disposed of as of today's date.

## Discussion

*A.     Claim against Defendant Officer Yaakub is dismissed.*

Under 28 U.S.C. § 1915(e)(2), a court must dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

3

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must assume the veracity of well-pled facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

Plaintiff's allegations of excessive use of force against Defendant Yaakub are conclusory under 28 U.S.C. § 1915 and do not survive initial review under *Iqbal*, 556 U.S. at 678 (A plaintiff must demonstrate a plausible claim for relief, which is "more than the mere possibility of misconduct."). Plaintiff alleges nothing more than that he was "tased," causing him "pain and suffering." Doc. [1] at 9. Such threadbare allegations are not sufficient to state a claim for excessive use of force.

Furthermore, Plaintiff has sued Defendant Yaakub in his official capacity only. An official-capacity claim against an individual is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) ("A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer...."). Accordingly, Plaintiff's claim against Defendant Yaakub is a claim against the municipality that employs him, Town and Country, Missouri.

To state a claim against a municipality or a government official in his official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *see also Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017). Because Plaintiff has not pled any municipal policy or custom connected to the allegedly excessive use of force against him, his claim against Officer Yaakub must be dismissed.

4

       B.     *Case will be stayed under* Wallace v. Kato.

In *Wallace v. Kato,* the United States Supreme Court held that the statute of limitations on a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process. *Wallace*, 549 U.S. at 397. The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Id.* at 388. It further instructed that where a "plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff asserts claims for false arrest, false imprisonment, and malicious prosecution in the instant § 1983 action, and his claims are based on the same facts and circumstances that gave rise to his arrest and the pending state criminal charges. Plaintiff's claims in this case relate to rulings that "will likely be made in [the] pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles underlying *Wallace v. Kato* dictate that further consideration of Plaintiff's § 1983 claims should be stayed until the underlying criminal matter has been resolved through criminal appeals as well as post-conviction proceedings. *See, e.g.*, *Cook v. Desoto Police Dep't Unknown Three*, 2020 WL 3893025, at *2 (E.D. Mo. July 10, 2020) (staying § 1983 case alleging illegal seizure, false arrest, false imprisonment, and excessive force under *Wallace v. Kato*); *Vonneedo v. Dennis*, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under *Wallace v. Kato*).

Additionally, a stay or abstention is appropriate until resolution of the criminal matter because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, unless the conviction or sentence has been reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see,*

*e.g.*, *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of appellate and post-conviction proceedings relating to Plaintiff's criminal cases of *State v. Ross,* Case No. 20SL-CR02488 (21st Judicial Circuit, St. Louis County Court) and *City of Town and Country v. Ross,* Nos. 2096-MU00052 and 2096-MU00054 (Town and Country Municipal Court).

**IT IS FURTHER ORDERED** that Plaintiff shall notify the Court in writing of the final disposition of the criminal charges and appellate and post-conviction proceedings pending against him *State v. Ross*, Case No. 20SL-CR02488 (21st Judicial Circuit, St. Louis County Court) and *City of Town and Country v. Ross*, Nos. 2096-MU00052 and 2096-MU00054 (Town and Country Municipal Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate and post-conviction proceedings related to the criminal charges pending against Plaintiff in *State v. Ross,* Case No. 20SL-CR02488 (21st Judicial Circuit, St. Louis County Court) and *City of Town and Country v. Ross,* Nos. 2096-MU00052 and 2096-MU00054 (Town and Country Municipal Court). This case may be reopened by Plaintiff's filing of a motion to reopen the case after such final dispositions.

**IT IS FINALLY ORDERED** that Plaintiff's claim for excessive force against Defendant Officer Yaakub is **DISMISSED**.

A separate Order of Partial Dismissal shall be entered with this Memorandum and Order. Dated this 31st day of August, 2021.

_Sarah E. Pitlyk_

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

6